IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES D. ADORNO,

                Plaintiff,                           OPINION AND ORDER

     v.

                                                   19-cv-703-wmc

DODGE CORRECTIONAL INSITUTION
STAFF JONI M. DYSTRA, and RACINE
CORRECTIONAL INSTITUTION
MEDICAL STAFF UNKNOWN,

                Defendants.

---

*Pro se* plaintiff Charles D. Adorno, filed this lawsuit pursuant to 42 U.S.C. § 1983, related to a seizure he suffered while he was incarcerated at Racine Correctional Institution in April of 2019. Adorno claims that medical staff at Racine and Dodge Correctional Institutions violated his rights under the Eighth Amendments by failing to issue him a lower tier restriction. Having reviewed Adorno's complaint for purposes of screening under 28 U.S.C. § 1915A, however, the court concludes that Adorno's allegations fail to state a claim upon which relief can be granted, but will give him an opportunity to amend his complaint to address the deficiencies described below.

ALLEGATIONS OF FACT[1]

Plaintiff Charles Adorno is currently incarcerated at Racine Correctional Institution ("RCI"), and he seeks to proceed against a Jane Doe health care provider at RCI, and Joni M. Dykstra, a health care provider at Dodge Correctional Institution ("DCI").

On February 19, 2019, Dykstra diagnosed Adorno with a seizure disorder and

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

prescribed him lamotrigine to manage that condition. However, Dykstra did not order a lower tier restriction for him. When Adorno arrived at RCI on April 2, 2019, Jane Doe failed to order a lower tier restriction for him to prevent him from falling and injuring himself.

On April 19, 2019, Adorno suffered a seizure while he was going down the upper tier stairs at RCI. He injured himself as a result of the fall and subsequently suffered more seizures, back pain and severe headaches. Adorno alleges that he should have been issued a lower tier restriction because a side effect of lamotrigine is dizziness and fainting.

OPINION

Plaintiff seeks leave to proceed against Dykstra and Doe on Eighth Amendment deliberate indifference claims. However, Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the *allegations* against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To state an Eighth Amendment claim, plaintiff must allege facts supporting an inference that his medical treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). "Serious medical needs" include (1) life-threatening conditions or those carrying a risk of permanent serious impairment if left untreated, (2) withholding

2

of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" encompasses two elements: (1) awareness on the part of officials that the prisoner needs medical treatment and (2) disregard of this risk by conscious failure to take reasonable measures.

The court accepts that the potential side effects of lamotrigine (dizziness and fainting) may present a serious medical need. The question, therefore, is whether Dykstra's and Doe's failure to impose a lower tier restriction support a reasonable inference of deliberate indifference. While it may be reasonable to infer that both Dykstra and Doe failed to exercise an appropriate degree of caution in failing to impose a lower tier restriction for plaintiff knowing that he was taking a medication that could cause dizziness and/or fainting, it does not appear that either defendant had reason to know that plaintiff was *actually* suffering those side effects of lamotrigine. Indeed, plaintiff has not alleged that he reported to either Dykstra or Doe that he was feeling dizziness or had fainted since he started taking lamotrigine in February of 2019, nor that Dykstra or Doe actually denied his request for a lower tier instruction prior to his April seizure. Therefore, the worst characterization of their respective failures to provide a lower tier restriction is that they were both negligent in failing to anticipate that plaintiff would suffer those side effects, but "a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation." *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). As such, it would be unreasonable to infer that either defendant acted with deliberate indifference to the possibility that plaintiff would be injured absent

3

a lower tier restriction.

To the extent plaintiff simply omitted details related to whether he reported feeling dizziness or fainting, or requested that either defendant issue him a lower tier restriction, the court will allow plaintiff the chance to file an amended complaint that provides those additional allegations, if he can do so in good faith. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

## ORDER

IT IS ORDERED that:

1) Plaintiff Charles Adorno complaint is DISMISSED without prejudice for failure to meet the requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff may have until **May 5, 2021, to submit an amended complaint that meets the requirements of Rule 8. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to state a claim upon which relief can be granted.**

Entered this 15th day of April, 2021.

BY THE COURT:<br>
/s/<br>
WILLIAM M. CONLEY<br>
District Judge